**WO**                          NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Norbert Enos, *et al.*, | No. CV-16-00384-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona, State of, *et al.*, | |
| Defendants. | |

At issue is the Motion to Dismiss on Behalf of Defendant City of Surprise (Doc. 50, CCMTD), which is joined by Defendants City of Tempe (Doc. 51), City of Phoenix (Doc. 55), Maricopa Association of Governments ("MAG") and Elizabeth Graeber (Doc. 52), and Maricopa County (Doc. 53) (collectively, "City and County Defendants"), and to which Plaintiffs filed a Response (Doc. 63, Resp. to CCMTD) and Defendant City of Surprise filed a Reply (Doc. 79, Reply to CCMTD) again joined by the other City and County Defendants (Docs. 71, 72, 73, 74). Also at issue is the Motion to Dismiss Individual State Defendants and [Arizona Department of Administration ("ADOA")] and Partial Joinder in the City of Surprise's Motion to Dismiss (Doc. 54, State MTD), filed by Defendants State of Arizona, ADOA, Craig Brown, Morgan Reed, Paul Shannon and Barbara Jaeger (collectively, "State Defendants"), to which Plaintiffs filed a Response (Doc. 60, Resp. to State MTD) and State Defendants filed a Reply (Doc. 75, Reply to State MTD). The Court will also resolve Plaintiffs' Motion for Leave to File Sur-Reply (Doc. 76) along with the lodged proposed Sur-Reply (Doc. 77), to

1 which Defendant City of Surprise filed a Response (Doc. 80). The Court finds these
2 matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

## I. BACKGROUND

In the Amended Complaint (Doc. 36, Am. Compl.), the operative pleading, Plaintiffs bring claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, requesting declaratory and injunctive relief with regard to Defendants' failure to provide text-to-911 service, which Plaintiffs contend denies persons with disabilities meaningful access to a Public Safety Answering Point ("PSAP") in certain instances. Plaintiff National Association of the Deaf ("NAD") is a nationwide non-profit organization advocating for the civil rights of individuals who are deaf or hard of hearing, including about 82,000 such persons who reside in Arizona. Plaintiffs Robert Enos and Julian Singleton are residents of Surprise, Arizona, who have been deaf since birth, and Plaintiff Terri Guy is a resident of Tempe, Arizona, who has been hard of hearing since birth.

According to the allegations in the Amended Complaint, Defendant State of Arizona, through Defendant ADOA and its 911 Oversight Committee, sets minimum specifications for 911 services and provides funding to local agencies for PSAP costs. The State has the authority to require PSAPs to accept 911 text messages, but does not. Defendants Maricopa County Board of Supervisors, City of Surprise, City of Tempe and City of Phoenix each operate at least one PSAP but do not offer text-to-911 service, even though they have the discretion to exceed the State's minimum requirements for 911 service. These Defendants' PSAPs receive 911 calls by other alternative methods, such as via teletypewriter ("TTY"), which requires that the caller have special, soon-to-be outdated equipment, and via telecommunications relay service ("TRS"), which requires that the caller have a high-speed internet connection. But a caller without special equipment and an internet connection has no alternative means to contact PSAPs operated by these Defendants. As a result, persons who are deaf, hard of hearing, or have other disabilities that impact speech and communication cannot reach a PSAP to report a

1  medical emergency, crime, fire, or motor vehicle accident when they are outside the
2  home without an internet connection. Other persons can, for example, contact a PSAP by
3  cellular telephone in those instances.

4  Plaintiffs further allege that Defendant MAG also has a 911 Oversight Team as
5  well as a PSAP Managers Group for Maricopa County. Plaintiffs name a number of
6  individual Defendants, including Elizabeth Graeber, in her official capacity as PSAP
7  Administrator for MAG; Paul Shannon, in his official capacity as State Budget Director,
8  State Legislative Liaison, and member of the State 911 Oversight Committee; Craig
9  Brown, in his official capacity as Director of ADOA and member of the State 911
10 Oversight Committee; Morgan Reed, in his official capacity as State Chief Information
11 Officer and member of the State 911 Oversight Committee; and Barbara Jaeger, in her
12 official capacity as State 911 Administrator.

13 For their claims under Title II of the ADA (Count 1) and § 504 of the
14 Rehabilitation Act (Count 2), Plaintiffs ask the Court to order Defendants to "take
15 necessary steps to implement text-to-911 services in Defendants' PSAPs," including
16 developing the necessary policies, procedures and practices, training personnel, and
17 enjoining any policy that would limit access to PSAPs for deaf and hard of hearing
18 persons, including the individual Plaintiffs. (Am. Compl. at 35.) Plaintiffs also seek
19 attorneys' fees and costs associated with this action. (Am. Compl. at 35.)

20 In their Motion to Dismiss, the City and County Defendants contend that Plaintiffs
21 fail to state a claim because Title II of the ADA and § 504 of the Rehabilitation Act
22 require only meaningful access, not equal access, to services, and Defendants meet the
23 federal regulations providing guidelines for access to PSAPs and thus provide meaningful
24 access as a matter of law. (CCMTD at 5-11.) These Defendants also argue that the Court
25 must dismiss the claims against them because Plaintiffs allege in the Amended Complaint
26 that it is the State Defendants who have final policymaking authority with regard to the
27 public's access to PSAPs. (CCMTD at 11-13.) Lastly, the City and County Defendants
28 argue that Plaintiffs do not have standing to assert their claims because they have suffered

no injury in fact and there is no real and immediate threat of future injury. (CCMTD at 14-17.)

In their separate Motion to Dismiss, the State Defendants join the City and County Defendants in their Motion to Dismiss except to the extent it argues the State has sole policymaking authority for the provision of 911 services. (State MTD at 4-5.) The State Defendants also posit that Plaintiffs' naming of individual State employees in their official capacities as Defendants is duplicative of naming the State as a Defendant, and that the Court must dismiss Plaintiffs' claims against ADOA because it is a non-jural entity. (State MTD at 3-4.) The Court will address all of these arguments in turn.

## II.  LEGAL STANDARD

Defendants fail to provide the Federal Rule of Civil Procedure under which they request that the Court dismiss Plaintiffs' claims, but the Court will presume that Defendants move under Federal Rule of Civil Procedure 12(b)(6) for both failure to state a claim and for lack of standing.[1]

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain more than "labels and

---

[1] A motion to dismiss for lack of standing is also properly brought as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139-40 (9th Cir. 2003). In that instance, the plaintiff bears the burden of establishing standing by a preponderance of the evidence. *See Sierra Club v. U.S. Envtl. Prot. Agency*, 762 F.3d 971, 976 (9th Cir. 2014); *Ervine v. Desert View Reg. Med. Ctr. Holdings, LLC,* 753 F.3d 862, 868 (9th Cir. 2014). A jurisdictional challenge under Rule 12(b)(1) may be made or defended by presenting extrinsic evidence. *Colwell*, 558 F.3d at 1121; *Warren*, 328 F.3d at 1139.

In their Reply, the City and County Defendants complain that Plaintiffs' Response improperly includes evidence to demonstrate their standing. Such confusion (*see* Resp. to CCMTD at 5) is a product of Defendants' own imprecision in not identifying the Rule under which they requested dismissal in their Motion, which was entitled simply "Motion to Dismiss on Behalf of Defendant City of Surprise." (CCMTD at 1.) If the Court construed Defendants' Motion as one brought under Rule 12(b)(1), as it could, Plaintiffs would be entitled—indeed obligated—to demonstrate their standing with evidence.

- 4 -

conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations [] it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In ruling upon a motion to dismiss for failure to state claim, a court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"). The court may disregard allegations in a complaint that are contradicted by matters

properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III. ANALYSIS

#### A. Sufficiency of Plaintiffs' Factual Allegations

In their Motion to Dismiss, the City and County Defendants enter the realm of arguing the merits of the case, citing a number of materials outside the Amended Complaint such as portions of the Federal Communications Commission's website. (*E.g.*, CCMTD at 8-11.) The Court disregards this evidence, as it must, in resolving the Motion to Dismiss. *See Mir*, 844 F.2d at 649. Plaintiffs, in turn, also argue the merits of this case in response. (Resp. to CCMTD at 6-13.) The simple question before the Court is whether Plaintiffs have alleged sufficient facts in the Amended Complaint to allow the Court to plausibly infer that Defendants deny persons who are deaf or hard of hearing meaningful access to PSAPs by failing to provide text-to-911 service. By alleging for example that deaf and hard of hearing persons cannot access PSAPs when outside their homes and beyond access to high-speed internet, Plaintiffs have stated a meaningful access claim. The ultimate resolution of Plaintiffs' claims may or may not result in a factfinder's conclusion that meaningful access in this instance is the same as access equal to that provided for persons who are not deaf or hard of hearing. But the City and County Defendants' argument that they comply with broad federal regulations with regard to the provision of 911 services—which itself would be a finding inappropriate at this stage of the litigation—is not dispositive to the question whether, under Title II of the ADA and § 504 of the Rehabilitation Act, persons who are deaf or hard of hearing are denied the benefit of or meaningful access to a public service. *See* 42 U.S.C. § 12132; 29 U.S.C. § 794. The Court will thus deny the City and County Defendants' request to dismiss Plaintiffs' claims on this basis.

The City and County Defendants also argue that Plaintiffs "unequivocally" allege that the State Defendants have final policymaking authority and the sole ability to direct the City and County Defendants' provision of text-to-911 services. (CCMTD at 11-13.)

The Court disagrees. While Plaintiffs allege that the State has the authority to require text-to-911 service, Plaintiffs also allege that MAG sets additional requirements for PSAP access and that the rest of the City and County Defendants have discretion to provide text-to-911 service. (*E.g.*, Am. Compl. ¶¶ 29, 72, 99, 100, 107.) These allegations are sufficient to state a claim against the City and County Defendants, and the Court will deny the request to dismiss Plaintiffs' claims on this basis.

### B.     Standing

To bring a judicable lawsuit into Federal Court, Article III of the Constitution requires that one have "the core component of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy Article III's standing requirements, a plaintiff must show that it suffered a "concrete and particularized" injury that is "actual or imminent," is "fairly traceable to the challenged action of the defendant," and would likely be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). A plaintiff has standing to seek injunctive relief only if the plaintiff alleges a real and immediate threat of future injury. *City of L.A. v. Lyons*, 461 U.S. 95, 102-103 (1983). To overcome a Rule 12(b)(6) motion to dismiss with regard to standing, the plaintiff must simply "alleg[e] specific facts sufficient" to establish standing. *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002). Accordingly, courts should dismiss a plaintiff's complaint if it does not contain facts sufficient to raise a plausible inference of standing. *See, e.g., Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1123 (9th Cir. 2010).

An organization has standing "to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy." *Warth v. Seldin*, 422 U.S. 490, 511 (1975). "An organization may establish a sufficient injury in fact if . . . a challenged statute or policy frustrates the organization's goals and requires the organization 'to expend resources in representing clients they otherwise would spend in other ways.'" *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 607 F.3d 1178, 1183 (9th Cir. 2010) (quoting *El Rescate Legal Servs., Inc. v. Exec. Office of*

*Immigration Review*, 959 F.2d 742, 748 (9th Cir. 1992)); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982). An organization also has "associational standing" to bring suit on behalf of its members "when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth*, 528 U.S. at 181 (*citing Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)).

With regard to the standing of the individual Plaintiffs, the Amended Complaint includes allegations that they live in fear of being away from their homes and experiencing an emergency without being able to access 911 service. (Am. Compl. ¶¶ 49, 53, 61.) The individual Plaintiffs, all of whom are deaf or hard of hearing, allege a real likelihood that they will have to contact 911 because Mr. Enos, Mr. Singleton and their wives are elderly and live in a community of other elderly people, and Ms. Guy cares for her elderly mother. (Am. Compl. ¶¶ 49-57.) Moreover, Ms. Guy has diabetes and multiple sclerosis, making it more likely for her to experience a medical emergency. (Am. Compl. ¶¶ 58-60.) Ms. Guy tried to call 911 when her mother became seriously ill but was unable to fully communicate with the 911 operator; in another medical emergency, Ms. Guy did not call 911 because she felt it would be "an exercise in futility." (Am. Compl. ¶¶ 57-58.)

The City and County Defendants argue that Plaintiffs' injuries are not sufficiently actual or imminent—that future injury is insufficiently real and immediate—to give them standing to bring this lawsuit. (CCMTD at 16-17.) The Court disagrees. As Plaintiffs point out (Resp. to CCMTD at 17), a plaintiff "who is threatened with harm in the future because of existing . . . noncompliance with the ADA suffers 'imminent injury.'" *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). As noted above, Plaintiffs have alleged sufficient facts to show a likelihood or threat that they will be harmed by Defendants' alleged non-compliance with the ADA and Rehabilitation Act by way of their failure to provide text-to-911 service.

Moreover, Plaintiffs' allegations of past wrongs in the form of an inability to contact or communicate with a PSAP, while not sufficient by themselves, are allegations "bearing on whether there is a real and immediate threat of repeated injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994). When coupled with Plaintiffs' allegations supporting an inference of a likelihood or threat of repetition, Plaintiffs' allegations of past wrongs support a finding that Plaintiffs' injuries are sufficiently imminent to confer standing. *See id.*; *Armstrong v. Davis*, 275 F.3d 849, 860-61 (9th Cir. 2001) (distinguishing *Lyons*, 461 U.S. at 109), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005).

With regard to associational standing, Plaintiffs allege in the Amended Complaint that NAD members, in Arizona as well as in Maricopa County and the Cities of Surprise, Tempe and Phoenix, are deaf or hard of hearing and cannot hear or speak on the telephone, that most do not have TTY equipment or high-speed internet access, and that they cannot contact PSAPs in Arizona by text message. (*E.g.*, Am. Compl. ¶¶ 38, 39, 46.) NAD members would thus have standing to sue Defendants in their own right. Plaintiffs also allege sufficient facts to support an inference that their claims are germane to NAD's purpose by alleging that NAD's mission is to advocate "for its members' rights to full and equal access to society" and that NAD "is devoted to the goal of full inclusion, equality, and civil rights for its members, who are deaf and hard of hearing individuals, and their families." (Am. Compl. ¶ 19.) Finally, the relief Plaintiffs request does not require the individual members to bring this lawsuit because the alleged wrong is widely applicable to all the members. Accordingly, Plaintiffs have alleged sufficient facts to demonstrate NAD's associational standing, and the Court will deny the City and County Defendants' Motion to Dismiss as to Plaintiffs' standing.

### C. State Employees in Their Official Capacities

In their separate Motion to Dismiss, the State Defendants ask the Court to dismiss Plaintiffs' claims against individual State employees in their official capacities, namely, Mr. Shannon, Mr. Brown, Mr. Reed and Ms. Jaeger. (State MTD at 3.) Plaintiffs oppose

- 9 -

this request not because the Defendant State employees are not redundant to the Defendant State, but because the State Defendants were unwilling to enter into a stipulation waiving any Eleventh Amendment immunity defense. Plaintiffs argue that, should the State Defendants raise the defense and the Court find that the State has not waived its Eleventh Amendment sovereign immunity under the Rehabilitation Act and Title II of the ADA—which is contrary to the law of the Ninth Circuit—Plaintiffs would need to name individual State employees as Defendants. (Resp. to State MTD at 4-5.) In their Reply, the State Defendants provide the stipulation Plaintiffs were seeking by acknowledging that, in the Ninth Circuit, the Rehabilitation Act and Title II of the ADA authorize lawsuits against states and representing that, "if a sovereign immunity defense were available to the State, it would have asserted it in the Motion to Dismiss." (Reply to State MTD at 3.)

Because the State Defendants have acknowledged that they have no legal basis to move to dismiss Plaintiffs' claims on sovereign immunity grounds, and because naming the individual State employees as Defendants in their official capacities is redundant to naming the State as Defendant, *see Center for Bio-Ethical Reform, Inc. v. Los Angeles Sheriff Department*, 533 F.3d 780, 799 (9th Cir. 2008), the Court will dismiss Plaintiffs' claims against the individual State employees.

**D.    Other Issues**

Upon receiving the State Defendants' Motion to Dismiss, Plaintiffs stipulated to dismissal of their claims against ADOA, a non-jural entity under Arizona law. (Resp. to State MTD at 6.)

Plaintiffs filed a Motion (Doc. 76) to file a Sur-Reply to the City and County Defendants' Reply. Because the Sur-Reply was not necessary to the Court's resolution of the City and County Defendant's Motion to Dismiss, the Court will deny Plaintiffs' request as moot.

IT IS THEREFORE ORDERED denying Defendant City of Surprise's Motion to Dismiss (Doc. 50).

IT IS FURTHER ORDERED granting in part and denying in part the State Defendants' Motion to Dismiss (Doc. 54). Plaintiffs' claims against the Arizona Department of Administration, Craig Brown, Morgan Reed, Paul Shannon and Barbara Jaeger are dismissed. The State Defendants' Motion to Dismiss is denied to the extent it joins the Defendant City of Surprise's Motion to Dismiss.

IT IS FURTHER ORDERED denying as moot Plaintiffs' Motion for Leave to File Sur-Reply (Doc. 76).

IT IS FURTHER ORDERED that the remaining Defendants shall file an Answer to the Amended Complaint (Doc. 36) as required by Federal Rule of Civil Procedure 12(a)(4)(A).

Dated this 10th day of February, 2017.

*[signature]*
Honorable John J. Tuchi
United States District Judge